IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND JAMES,

    Plaintiff,                   No. CIV S-05-2151 MCE DAD P

    vs.

RODERICK HICKMAN, et al.,

    Defendants.           <u>ORDER</u>

                                         /

           Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

           Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). The application to proceed in forma pauperis will therefore be granted.

           Plaintiff is required to pay the statutory filing fee of $250.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments shall be

1

1 collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
3 § 1915(b)(2).

4    The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or against an officer or employee of a governmental entity.  See 28
6 U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that
7 fail to state a claim upon which relief may be granted, or that seek monetary relief from a
8 defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

9    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.

16    A claim should be dismissed for failure to state a claim upon which relief may be
17 granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the
18 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);
19 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
20 a complaint under this standard, the court generally accepts as true the allegations of the
21 complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  However, the
22 court may disregard allegations in the complaint if they are contradicted by facts established by
23 exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.
24 1987).  The court need not accept as true conclusory allegations, unreasonable inferences, or
25 unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.
26 1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, 520 (1972).  Accordingly, for screening purposes, the court will construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the link between the supervisory defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations will not suffice.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff is confined at the Sierra Conservation Center in Jamestown.  He has sued three defendants.  The two named defendants are Roderick Hickman, Secretary of the California Department of Corrections and Rehabilitation, and N. Grannis, Chief Inmate Appeals Officer.  The third defendant is sued as Unknown John Doe, Director of High

1  Desert State Prison.  The three defendants, by virtue of their positions, appear to reside within the
2  Sacramento Division of this district court.
3        Plaintiff alleges two claims.  First, he alleges that his right to due process was
4  violated when he was transferred from High Desert State Prison to Sierra Conservation Center in
5  September 2004 and High Desert staff "only packed 4-boxes of property and failed to include
6  numerous of plaintiff's personal property."  Plaintiff states that the lost property included more
7  than four hundred 37-cent stamps, clothing items, food, small appliances, books, photographs,
8  and letters.  Plaintiff has not alleged facts linking the three supervisory defendants to the loss of
9  his property in September 2004.  Nor does it appear that plaintiff can allege facts that would link
10 defendants Hickman, Grannis, and the warden of High Desert to that loss.
11       Plaintiff might be able to amend his complaint to sue the specific High Desert
12 employees who were responsible for packing his property.  However, it appears that such
13 amendment would be unavailing.  Plaintiff has provided a copy of his inmate appeal dated
14 September 20, 2004.  Plaintiff has also provided a copy of a mail log showing that the appeal was
15 placed in the mail at Sierra Conservation Center on September 22, 2004, addressed to the
16 attention of the warden, assistant warden, and chief deputy warden of High Desert State Prison.
17 In the appeal, plaintiff states that he was repeatedly and constantly retaliated against while
18 housed in administrative segregation at High Desert, "mostly by 2nd watch D-8 staff."  He states
19 that the missing property was neatly packed in a bag marked with his name and CDC
20 identification number.  He asserts that "D-8 staff is either continuing their acts of retaliation by
21 refusing to return, or throwing this bag of property away, or this property was simply misplaced
22 and need to be reloc[a]ted."
23       In 1986, the Supreme Court ruled that the Due Process Clause of the Fourteenth
24 Amendment is not implicated by the negligent acts of prison staff who cause unintended loss or
25 injury to property.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  The Supreme Court
26 previously ruled that "an unauthorized intentional deprivation of property by a state employee

4

1  does not constitute a violation of the procedural requirements of the Due Process Clause of the
2  Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."
3  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  In California, the state legislature has provided a
4  postdeprivation remedy in the form of tort claims that may be filed against public employees
5  pursuant to California Government Code § 900, et seq.  Thus, a meaningful postdeprivation
6  remedy is available to any California prisoner whose property is lost, whether by the negligent
7  acts by staff or by the deliberate destruction or refusal to transfer property in accordance with
8  standard procedures.
9      In this case, plaintiff's theory is that his property was either misplaced or it was
10  deliberately disposed of or withheld by staff acting with a retaliatory motive.  In either case,
11  plaintiff's sole remedy is to file a state tort claim.  No federal due process claim can arise from a
12  staff member's negligent loss or intentional destruction of plaintiff's property.  Plaintiff's first
13  claim should therefore be dismissed for failure to state a federal due process claim upon which
14  relief can be granted.
15      Plaintiff's second claim is that defendants violated his due process right to file an
16  appeal. Plaintiff alleges that he filed an inmate appeal on September 20, 2004 in order to exhaust
17  his administrative remedies and also in order to resolve the issue regarding his property.  Plaintiff
18  states that he sent his appeal to the High Desert "Warden/Director office."  He asserts that "High
19  Desert Staff who process the appeals never responded."  Plaintiff took no action to follow up on
20  the appeal until May 10, 2005, when he sent letters to Jeanne Woodford, then Director of the
21  California Department of Corrections, and N. Grannis, Chief Inmate Appeals Officer.  In his
22  letters, he complained that High Desert staff had never responded to his appeal.  Plaintiff alleges
23  that he was contacted on July 28, 2005, and on September 26, 2005, "by the defendants at the
24  CDC headquarters in Sacramento."  He states that the defendants "claimed that their office
25  personally contacted High Desert Staff defendants to process the grievance appeal on property
26  and that plaintiff would be contacted by those defendants."  He alleges that the "High Desert

1 defendants" never processed or returned plaintiffs grievance appeal." Plaintiff cites the
2 regulations specifying the time limits for processing and responding to appeals. Plaintiff
3 concludes that defendants' "default" permits him to proceed with this lawsuit.

4       Plaintiff has not alleged facts showing that the three defendants personally
5 subjected plaintiff to a deprivation of the right to file an inmate appeal. Plaintiff has not alleged
6 that any defendant did an affirmative act, participated in another person's affirmative acts, or
7 omitted to perform a required act, as a result of which plaintiff was deprived of the right to file an
8 inmate appeal. To the extent that the three defendants were involved with plaintiff's appeal at
9 all, their involvement consisted of responding to plaintiff's belated attempt to follow up on the
10 appeal that should have been sent to the appeal coordinator at High Desert State Prison but was
11 instead addressed to the warden, assistant warden, and deputy warden.[1] Plaintiff has provided a
12 copy of a letter from defendant Grannis dated July 28, 2005, advising plaintiff that his
13 correspondence had been forwarded to the appeals coordinator at High Desert State Prison; a
14 copy of a letter from defendant Grannis dated September 26, 2005, advising plaintiff that his
15 appeal issue should be submitted directly to the appeals coordinator; and a copy of a letter from
16 the appeals coordinator at Sierra Conservation Center dated August 3, 2005, screening out the
17 copy of plaintiff's inmate appeal submitted to that institution in July 2005 and advising plaintiff
18 that High Desert had no record of the appeal.

19       Plaintiff cannot pursue his second claim against the three supervisory defendants
20 on a theory of <u>respondeat superior</u>, and he has failed to allege facts establishing a specific causal
21 link between any of these defendants and the alleged violation of the right to due process. It does
22 not appear that plaintiff can allege facts that would link defendants Hickman, Grannis, and the
23 warden of High Desert to the claimed deprivation of due process. Moreover, in light of

---

[1] A formal appeal must be submitted to the appeals coordinator. Cal. Code Regs. tit. 15, § 3084.2(b) and (c). Plaintiff did not mail his appeal to the appeals coordinator at High Desert State Prison.

plaintiff's failure to submit his appeal to the proper prison official, it appears unlikely that plaintiff can amend his second claim to name any individual who actually deprived him of the right to file an appeal. Finally, the claimed deprivation is moot because the alleged refusal to process plaintiff's appeal did not result in the denial of access to the courts on a cognizable legal claim regarding plaintiff's property. Plaintiff's second claim must be dismissed for failure to state a claim upon which relief may be granted.

The court has determined that plaintiff's complaint fails to state any claim upon which relief can be granted. While it does not appear that plaintiff can amend his complaint to cure the defects of either claim, the court will grant leave to file an amended complaint.

If plaintiff files an amended complaint, the pleading must allege facts demonstrating that the acts and conditions complained of resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link between each defendant's actions and the claimed deprivation of rights. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is informed that Local Rule 15-220 requires that an amended complaint be complete in itself. An amended complaint supersedes the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended complaint must therefore be as complete as if it were the first complaint filed in the action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 3, 2005 application to proceed in forma pauperis is granted.

/////

/////

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Plaintiff's amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 4, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jame2151.14a